1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  BRIAN TRENT ADAMS,                  No. 2:20-cv-0949 CKD P
12            Plaintiff,
13       v.                             ORDER
14  KIMBERLY SMITH, et al.,
15            Defendants.
16

17       Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18  1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19  636(b)(1).

20       Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21  declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23  1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24  initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26  month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his complaint, plaintiff asserts defendants caused evidence which was racially biased against plaintiff to be presented at a parole hearing. In Swarthout v. Cooke, 562 U.S. 216 (2011), the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, under federal law a prisoner is entitled to only the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442 U.S. 1, 16 (1979), i.e. an opportunity to be heard at his hearing and a statement of reasons for the denial. Id. at 220. To the extent plaintiff believes racially biased evidence was presented at his parole hearing, he at least arguably had the right to challenge such evidence at his parole hearing. Plaintiff does not allege he was denied that right.

The court finds that plaintiff's complaint fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

2  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

4  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5       In accordance with the above, IT IS HEREBY ORDERED that:

6       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

7       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

8  shall be collected and paid in accordance with this court's order to the Director of the California

9  Department of Corrections and Rehabilitation filed concurrently herewith.

10       3.  Plaintiff's complaint is dismissed.

11       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

12  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

13  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

14  number assigned this case and must be labeled "Amended Complaint."  Failure to file an

15  amended complaint in accordance with this order will result in a recommendation that this action

16  be dismissed.

17  Dated:  July 7, 2020

18       _____
     CAROLYN K. DELANEY

19       UNITED STATES MAGISTRATE JUDGE

22  1
 adam0949.14